# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| AARON LAMONT WELCH, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:17-cv-64-AGF |
| MICHAEL COLEMAN, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Aaron Lamont Welch, an inmate at Eastern Reception, Diagnostic and Correctional Center, for leave to commence this action without prepayment of the filing fee. The motion will be granted, and the Clerk will be directed to issue process upon the complaint as to each defendant in his individual capacity.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff submitted his motion on a Court-provided form but omitted the second page, which solicits information about his finances. However, along with the motion, plaintiff submitted a Pemiscot County Jail inmate account statement that details his inmate account for the periods he was incarcerated there. The Court will therefore view the omission of the second page as an inadvertent error. Based upon the information before the Court, plaintiff's average monthly deposit is $8.79, and his average monthly balance is $5.61. The Court finds plaintiff has insufficient funds to prepay the filing fee, and will assess an initial partial filing fee of $1.75, twenty percent of plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id.* at 679.

This Court is required to liberally construe a *pro se* complaint. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this does not mean that *pro se* complaints may be merely

conclusory. Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). Giving a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Named as defendants are Michael Coleman and Dustin Fitzwater, both of whom are sued in their individual capacities. The events described in the complaint occurred on April 4, 2017 when plaintiff was an inmate at the Pemiscot County Jail, apparently awaiting adjudication on a charge of probation violation. *See State v. Aaron Welch*, https://www.courts.mo.gov/casenet/cases/header.do, 15PE-CR00870-01 (34th Jud. Cir. Apr. 21, 2017). Plaintiff alleges that he was transported to the dentist to undergo a tooth extraction. The prison official who transported plaintiff was one Chad Nixon, against whom plaintiff filed a lawsuit in this Court earlier this year.[1] The dentist wrote plaintiff a prescription for Tylenol 3, and gave it to Nixon. After plaintiff was returned to the jail, he slept in the medical department but later awoke in pain. He pressed a button to access the PA system, and asked Coleman for his prescription medication. Coleman refused, stating the nurse could give him Ibuprofen the following day. Plaintiff protested but Coleman still refused. Plaintiff berated Coleman and accused him of retaliating against him over the Nixon lawsuit. Coleman

---

[1]*Welch v. Nixon, et al.*, 1:17-cv-43-NAB (E.D. Mo. Mar. 14, 2017). As of the date of this Memorandum and Order, this suit remains pending.

then stated he was going to "walk [his] meds down to medical." (Docket No. 1 at 6). Upon Coleman's arrival, plaintiff was lying down. Coleman told him to sit up, and he complied. Coleman then grabbed plaintiff, threw him into a glass window, and banged his head on the glass several times. Coleman then lifted plaintiff off the ground by his pants, causing pain. Fitzwater twisted plaintiff's arm in different directions trying to break it, causing pain. Plaintiff was then carried by his pants to the booking area, stripped naked, and placed on suicide watch. Plaintiff claims that Coleman and Fitzwater took these actions against him in retaliation for the Nixon lawsuit. He seeks monetary relief and medical care for his injuries.

The complaint survives initial review as to plaintiff's First Amendment retaliation claims. He alleges he was denied prescribed pain medication, attacked and beaten, stripped naked, and placed on suicide watch in retaliation for the Nixon lawsuit. To state a First Amendment retaliation claim, a plaintiff must allege that he engaged in a protected activity, an official took adverse action that would chill a person of ordinary firmness from continuing that activity, and the official's adverse action was motivated in part by plaintiff's exercise of protected activity. *Santiago v. Blair*, 707 F.3d 984, 991-92 (8th Cir. 2013). The complaint also survives initial review as to plaintiff's Due Process claims for use of excessive force. Plaintiff alleges that defendants purposely used force against him even though he was peacefully lying down. The "Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (*quoting Graham v. Connor*, 490 U.S. 386, 395 (1989)). The Clerk will be directed to issue process upon the complaint as to both defendants in their individual capacities.

Accordingly,

4

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.75 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue as to defendants Michael Coleman and Dustin Fitzwater in their individual capacities.

Dated this 18th day of May, 2017.

／s／ Audrey G. Fleissig
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE