UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| AARON LAMONT WELCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:17CV00064 AGF |
| ) | |
| MICHAEL COLEMAN and DUSTIN ) | |
| FITZWATER, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' motion filed on November 8, 2017, for sanctions, including dismissal of the complaint, for Plaintiff's failure to prosecute. Specifically, Defendants ask for sanctions based on Plaintiff's failure to respond to discovery requests and failure to appear at his deposition scheduled for October 10, 2017. Plaintiff filed this action pro se and in forma pauperis on January 26, 2017. He alleged that while a detainee, Defendants refused to give him prescribed pain medication, attacked and beat him, stripped him naked, and placed him on suicide watch, all in retaliation for filing a lawsuit against another jail official.

Defendants assert in their present motion that after due notice of the October 10, 2017, deposition, Plaintiff delivered a note to Defendant Fitzwater indicating that Plaintiff was not going to appear for the deposition and that he wanted his case to be over with and was not going to pursue it any longer. Plaintiff did not respond to the motion for sanctions. On December 12, 2017, the Court issued an Order to Show Cause,

granting Plaintiff through December 21, 2017, to show cause why the case should not be dismissed for failure to prosecute. The Court cautioned Plaintiff that failure to respond to the Order would result in the dismissal of this action. The Order was not returned to the Court as undeliverable. There has been no further activity in the case.

A district court may dismiss a cause of action with prejudice "for failure of a plaintiff to prosecute or comply with [the Federal Rules] or any court order." Fed. R. Civ. P. 41(b). "The district court need not find that the plaintiff acted in bad faith, but only that he acted intentionally as opposed to accidentally or involuntarily." *Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir. 2005). These rules apply to pro se plaintiffs as well. *See, e.g., Wilga v. Crawford*, No. 4:17-CV-1457 CDP, 2017 WL 4682827, at *1 (E.D. Mo. Oct. 18, 2017); *Cooper v. Whitworth*, No. 6:15-CV-06056, 2017 WL 4812040, at *1 (W.D. Ark. Oct. 25, 2017). Upon review of the record, the Court believes that Defendants' motion for sanctions in the form of dismissal of the action should be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for sanctions for Plaintiff's failure to prosecute is **GRANTED,** and this action is **DISMISSED** without prejudice. ECF No. 18.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED** as moot.

A separate Order of Dismissal will accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 27th day of December, 2017.